IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| (1) RODNEY D. SLANE, (2) AUTUMN SLANE, and (3) GROTTO, LLC<br>　　　　Plaintiff,<br><br>vs.<br><br>(1) TEIGEN INSURANCE, LLC,　and<br>(2) ATLANTIC CASUALTY INSURANCE COMPANY<br>　　　　Defendants. | Case No. |

# COMPLAINT

Comes now the Plaintiffs, Rodney D. Slane, Autumn Slane, and Grotto, LLC by and through their attorney, and Amber Peckio of Amber Law Group, and for their cause of action against the Defendant, Atlantic Casualty Insurance Company, and Defendant Teigen Insurance, LLC states:

1. At all times material hereto, Plaintiffs, Rodney D. Slane and Autumn Slane, were residents of the State of Arkansas.

2. At all time material hereto, Plaintiff Grotto, LLC is a business that is incorporated and operating in the State of Arkansas and completely owned by and Plaintiffs Rodney D. Slane and Autumn Slane, ("Grotto"),

3. At all times material hereto, Defendant, Teigen Insurance, LLC ("Teigen"), is a Domestic for Profit Company doing business in the State of Arkansas.

4. At all times material hereto, Defendant, Atlantic Casualty Insurance Company ("ACIC"), is a foreign corporation that provides insurance within the State of Arkansas.

5. At all times material hereto, the Plaintiff Grotto, LLC is owned and operated by Plaintiffs Rodney D. Slane and Autumn Slane was insured under a certain policy issued by ACIC and sold by Teigen.

6. There is complete diversity of citizenship between Plaintiffs and ACIC.

7. The amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00. This Court has Jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

8. This cause of action was commenced within one year of January 14, 2024, and within the applicable statute of limitations.

## COUNT I: BREACH OF CONTRACT

9. Plaintiffs allege that on or about January 14, 2024, Plaintiffs' business suffered extensive water damage.

10. Plaintiffs' business is covered by a Commercial Lines Policy sold by Teigen and issued by ACIC. That said policy of insurance included coverage for damages caused by water damage for which the limits of liability are $500,000.00 for business personal property and $20,000.00 for spoilage, with $5,000.00 deductible for all covered causes of loss except windstorm or hail, policy number M320000755-0. Further, that said policy was in effect and covers damages sustained by the Plaintiffs' business on January 14, 2024.

11. On or about January 14, 2024, Plaintiffs' business ("Grotto") was damaged when a water main froze and burst, resulting in water pouring from the upstairs of the business and into the restaurant below. Plaintiffs promptly filed a claim with ACIC.

12. On or about February 26, 2024, ACIC informed Plaintiffs that it is reserving the right to deny coverage under Plaintiffs' policy for all or part of the claim, as it believes the claimed damages may not be covered by the policy. Prior to this, ACIC assigned an independent adjuster,

John Hart with Field Pros Direct LLC, to inspect the loss location. Further, ACIC informed Plaintiffs they will not cover damages resulting from frozen / burst pipes unless heat was maintained.

13. On or about June 12, 2024, ACIC informed Plaintiffs it is reserving its right to deny coverage under Plaintiffs' policy, as it believes the damages claimed are not covered under the policy. Further, ACIC informed Plaintiffs that it was retaining a Professional Engineer with EFI Global to ascertain the extent and cause of damages.

14. On or about August 23, 2024, ACIC requested documentation on the gas / electric bills for December 2023 to February 2024 and original invoices / receipts for the damaged building components showing that the claimed items were purchased and installed at Plaintiffs' expense prior to the date of loss. Further, ACIC denied coverage for lost income, lost sales, and loss or damage to personal property caused by changes in temperature, i.e. a pipe freezing and bursting due to extreme cold, resulting in water damage to the Plaintiffs' property.

15. That the Defendants' mishandling of Plaintiffs' claim, and as a matter of standard business practice in handling like claims under the same or similar polices of insurance, Defendants further breached their duty towards Plaintiffs by, among other things,

    a. failing to timely and properly investigate Plaintiffs' claim(s);

    b. relying on a report containing false or inaccurate information;

    c. failing to properly investigate the claims and/or obtain and consider additional information important to the refusal to repair and or replace Plaintiffs' business, spoiled goods, and personal property;

  d. forcing Plaintiffs to incur the expense of replacing and repairing the subject business, personal property, and spoiled products when Defendants knew or should have known that the information upon which they were relying was inaccurate and/or incomplete;

  e. not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiffs' claim(s) once Defendants were provided additional information;

  f. forcing Plaintiffs to pursue further action in order to secure benefits Defendants knew or should have known are payable;

  g. failing to properly evaluate any investigation that was performed; and

  h. failing to reasonably interpret information made available with a view toward affording coverage in favor of the insureds.

  16. That Defendants have breached their insurance contract and have wholly refused or neglected to pay Plaintiffs the total value of repairs and replacement to their business, spoilage, and property damage. Said failure constitutes a breach of contract of said insurance policy, and the Plaintiff is entitled to a judgment against the Defendants in the amount in excess of $75,000.00 for the damages he sustained by covered by such contract, together with attorney's fees and costs.

## COUNT II: BREACH OF THE COVENANT
## OF GOOD FAITH AND FAIR DEALING

  17. The Plaintiffs adopt and reallege the allegations of Count One, Paragraphs 1 through 16, as if they were fully rewritten and fully set forth herein.

  18. While not nececonstitutesclusive, any and or all of the described acts or omissions by Defendants constitute a violation of the covenant of good faith and fair dealing and result in a financial benefit to Defendants.

4

19. In refusing to make the payment described, the Defendants breached their obligation to pay the amount due under the policy as stated above within a reasonable amount of time after having received notice of the loss described above.

20. As a proximate result of the bad faith of the Defendants described above, the Plaintiffs were forced to commence litigation against their own insurance carrier at a substantial cost to him. Moreover, as a result of the unreasonable refusal to pay policy benefits on the part of Defendants, Plaintiffs' property remains in a substandard, damaged, and vulnerable state.

21. That the Plaintiffs have suffered mental, emotional, and financial distress for which they are entitled to receive compensation in an amount in excess of $10,000.00.

22. The bad faith refusal to pay proper policy benefits on the part of the Defendants therefore entitles the Plaintiffs to request and receive punitive damages in an amount in excess of $10,000.00.

### Count III: Punitive Damages

23. The Plaintiffs adopt and reallege the allegations of Count One and Two, Paragraphs 1 through 22, as if they were fully rewritten and fully set forth herein.

24. That Defendants' conduct was intentional, reckless, grossly negligent and malicious so as to warrant the award of exemplary or punitive damages. That Plaintiffs have been compelled to retain legal counsel, personally take on expenses for repairs and replacements, and file litigation in order to exact fair treatment from Defendants. That Defendants' conduct has resulted in Plaintiffs' business remaining in a substandard, vulnerable and completely unrepaired state which impairs the business's overall integrity. The amount sought in damages is in excess of $75,000.00.

**Count IV: Negligence**

25. The Plaintiffs adopt and reallege the allegations of Count One, Two, and Three, Paragraphs 1 through 24, as if they were fully rewritten and fully set forth herein.

26. That Teigen represented to Plaintiff that the insurance policy it sold to them was adequate and appropriate for Plaintiffs' needs as an ongoing business.

27. That Teigen failed to exercise reasonable care in ascertaining the true nature of Plaintiffs' insurance needs and procuring an appropriate policy.

28. That Teigan had duty to the Plaintiffs to make sure their insurance coverage was sufficient to insure the business for losses like the ones incurred in the subject incident.

29. That Teigan breached that duty be failing to secure sufficient coverage to fully compensate the Plaintiffs for their damages which resulted from the water damage.

30. As a direct and proximate result of Teigen negligent misrepresentation, Plaintiff has suffered damages in the form of denied insurance coverage and extensive financial loss.

**Count V: Breach of Duty**

31. The Plaintiffs adopt and reallege the allegations of Count One, Two, Three, and Four, Paragraphs 1 through 30, as if they were fully rewritten and fully set forth herein.

32. That Teigen owed Plaintiffs a duty to exercise reasonable care and skill in procuring insurance coverage that met Plaintiff's expressed needs.

33. That Teigen breached this duty by failing to secure a tenant's insurance policy as instructed.

34. As a direct and proximate cause of Teigen's breach of duty, Plaintiffs have suffered damages including, but not limited to, denied insurance coverage and financial loss.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs, Rodney D. Slane, Autumn Slane, and Grotto, LLC, pray judgment against the Defendants, Atlantic Casualty Insurance Company, and Teigen Insurance, LLC, in the sum and amount that the proof presented at the trial of this matter warrants, with such sum being in excess of $75,000, for costs, for attorney's fees to the extent permitted by law, and for such other relief as is just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY.

            Respectfully Submitted,

            By: s/m Amber Peckio Garrett
            Amber Peckio Garrett, Oklahoma Bar No. #19908
            2727 East 21st Street, Ste. 100
            Tulsa, OK 74114
            Telephone No. (918) 895-7216
            Facsimile No. (918) 895-7217
            amber@amberlawgroup.com
            Attorney for Plaintiffs