IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

| | |
|---|---|
| GROTTO, LLC ) | |
|         Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:25-cv-03003-DCF |
| ) | |
| ATLANTIC CASUALTY ) | |
| INSURANCE COMPANY ) | |
| ) | |
|         Defendants. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT ATLANTIC CASUALTY INSURANCE COMPANY'S MOTION TO EXCLUDE TESTIMONY OF SAM KESKE**

Plaintiff Grotto, LLC ("Plaintiff"), by and through counsel, hereby responds to Defendant Atlantic Casualty Insurance Company's Motion to Exclude Testimony of Sam Keske [Doc. 31], and states as follows:

1. Plaintiff incorporates by reference its Brief in Support of its Response to ACIC's Motion to Exclude Testimony of Sam Keske filed contemporaneously herewith.

2. ACIC seeks to exclude the testimony of Plaintiff's engineering expert, Dr. Sam Keske, under Federal Rule of Evidence 702 and *Daubert*.

3. ACIC does not challenge Dr. Keske's qualifications, methodology, or the reliability of his analysis.

4. Instead, ACIC argues that Dr. Keske's testimony should be excluded because he acknowledged he could not determine causation with "engineering certainty."

5. Defendant's argument misstates the governing law. Rule 702 and *Daubert* do not require an expert to establish causation with absolute certainty as a prerequisite to admissibility.

6. The Eighth Circuit has repeatedly held that expert testimony expressed in terms of probability, possibility, or likelihood remains admissible so long as it is grounded in

reliable methodology and assists the trier of fact. See *Bonner v. ISP Techs., Inc.*, 259 F.3d 924, 929–30 (8th Cir. 2001).

7. Dr. Keske is a PhD engineer who applied accepted engineering principles to photographic evidence, claim documentation, and repair estimates in evaluating whether the January 2024 water loss could have caused the observed damage to the restaurant's tile flooring and masonry components.

8. His testimony involves technical matters beyond the knowledge of a lay juror and will assist the trier of fact in evaluating the disputed cause of damage.

9. Any alleged weakness in the factual basis of Dr. Keske's opinions goes to weight, not admissibility, and is properly addressed through cross-examination at trial.

10. Because ACIC challenges only the strength of Dr. Keske's conclusions rather than the reliability of his methods, its motion seeks to resolve a credibility dispute that is reserved for the jury.

11. In support of this Motion and Brief, the following exhibits are attached and incorporated:
    a. Exhibit 1-Plaintiff's Rebuttal Expert Disclosures
    b. Exhibit 2-Plaintiff's Rebuttal Expert Report

**WHEREFORE,** for all of the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to Exclude Testimony of Sam Keske in its entirety.

Respectfully Submitted,

/s/Amber Peckio Garrett
Amber Peckio Garrett, OBA No. 19908
AMBER LAW GROUP
2727 East 21st Street, Suite 505
Tulsa, Oklahoma 74114
Phone: 918-895-7216
Fax: 918-895-7217
Email: amber@amberlawgroup.com
*Attorney for the Plaintiff*

## CERTIFICATE OF SERVICE

      I certify that on the 13th day of March, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to:

Jeremy K. Ward
Jeremy K. Ward, Ar. Bar No.2012014
Franden, Farris, Quillin,
Goodnight, Roberts + Ward
Two West Second Street, Suite 900
Tulsa, OK 74103
Phone: 918-583-7129
Fax: 918-584-3814
jward@tulsalawyer.com
*Attorney for Defendant*
*Atlantic Casualty Insurance Company*

                                                   /s/ Amber Peckio Garrett
                                                       Amber Peckio