**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HARRISON DIVISION**

| | |
|---|---|
| GROTTO, LLC ) | |
|       Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:25-cv-03003-DCF |
| ) | |
| ATLANTIC CASUALTY ) | |
| INSURANCE COMPANY ) | |
| ) | |
|       Defendants. ) | |

**PLAINTIFF'S BRIEF IN SUPPORT OF ITS RESPONSE
TO DEFENDANT ATLANTIC CASUALTY INSURANCE COMPANY'S *DAUBERT*
MOTION TO EXCLUDE TESTIMONY OF SAM KESKE**

**COMES NOW**, Plaintiff, Grotto, LLC (hereinafter "Grotto" or "the Restaurant"), by and through its attorney of record, Amber Peckio Garrett of Amber Law Group, LLC, and hereby submits its brief in support to its Response to Defendant Atlantic Casualty Insurance Company's (hereinafter "ACIC") Motion to Exclude Testimony of Sam Keske [Doc. 31] and states the following in support thereof:

**INTRODUCTION**

ACIC's motion to exclude Dr. Sam Keske inverts the *Daubert* standard. ACIC does not challenge Dr. Keske's qualifications, his methodology, or the reliability of his engineering analysis. Instead, ACIC argues that because Dr. Keske expressed his causation opinions in probabilistic terms which is consistent with scientific rigor rather than as a categorical certainty, his testimony is somehow inadmissible. That is not the law. The Eighth Circuit and courts within this district routinely admit engineering and technical expert opinions expressed in terms of probability, possibility, or likelihood. An expert who acknowledges the limits of certainty is not speculating but rather being precise.

1

## ARGUMENT AND AUTHORITIES

I. **Daubert standard for expert opinion**

The Federal Rule of Evidence 702 is clear and specifically states as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (i) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (ii) The testimony is based on sufficient facts or data;
>
> (iii) The testimony is the product of reliable principles and methods; and
>
> (iv) The expert has reliably applied the principles and methods to the facts of the case.

In Plaintiff's case, all four elements are met by Dr. Sam Keske. Dr. Keske holds a PhD in engineering and applied his specialized knowledge to photographic and documentary evidence of the loss to assess whether the January 2024 flooding event could have caused the observed damage to the tile flooring and masonry mortar, knowledge beyond the scope of a lay juror. His opinions are grounded in sufficient facts and data, including photographs, repair estimates, and the documentation submitted during the claim. He employed reliable engineering principles in his analysis, and he applied those principles directly to the specific conditions present at the Restaurant. ACIC does not challenge any of these three prongs. Its sole objection goes to the certainty with which Dr. Keske expressed his conclusions, which is not a basis for exclusion under Rule 702.

While the district court acts as a gatekeeper under Daubert, that role is limited to assessing methodology—not weighing credibility or choosing between competing expert opinions, which remain jury functions. *See Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 595,113 S.Ct. 2786, (1993). *See Johnson v. Mead Johnson & Co.,* 754 F.3d 557, 562 (8th Cir. 2014) citing *United States*

2

*v. Finch,* 630 F.3d 1057, 1062 (8th Cir. 2011), (holding that we resolve doubts about the usefulness of expert testimony in favor of admissibility); *Robinson v. GEICO Gen. Ins. Co.,* 447 F.3d 1096, 1100 (8th Cir.2006), (holding that expert testimony should be admitted if it "advances the trier of fact's understanding to any degree" (quotation omitted)); *Lauzon v. Senco Prods.,* 270 F.3d 681, 685 (8th Cir. 2001), (Rule 702 is clearly one of admissibility rather than exclusion*).*

Furthermore, the proponent need only establish admissibility by a preponderance of the evidence, and any doubts about whether an expert's testimony will be useful should be resolved in favor of admissibility. *See Johnson v. Mead Johnson & Co., LLC,* 754 F.3d 557, 562 (8th Cir. 2014*).*

II.     Dr. Keske's testimony is relevant and assists the trier of fact

ACIC's motion does not challenge Dr. Keske's qualifications or the reliability of his methodology. Nor could it. Dr. Keske holds a PhD in engineering and was retained to analyze whether ACIC's justifications for denying the structural components of Plaintiff's claim were sound. He reviewed photographs and documentation of the loss, applied engineering principles to the evidence before him, and reached conclusions about the plausibility of the claimed damage mechanisms relative to the January 2024 flooding event. That is precisely the type of analysis Rule 702 is designed to allow. ACIC has therefore conceded the first three prongs of the *Daubert* inquiry which are qualification, sufficient factual basis, and reliable methodology. ACIC rests its entire motion on a single, legally flawed argument about the certainty with which Dr. Keske expressed his conclusions.

**A. Dr. Keske's Probabilistic Causation Opinions Are Admissible and Will Assist the Jury**

ACIC's central argument is that Dr. Keske's use of terms such as "may have" and "possible" renders his opinions inadmissible is a misinterpretation of both Rule 702 and the relevant case law. [Doc. 32 at 5–6] There is no requirement that an expert express causation opinion to an absolute

3

certainty. *See Bonner v. ISP Techs., Inc.,* 259 F.3d 924, 929–30 (8th Cir. 2001). Rule 702 requires only that the testimony be based on "sufficient facts or data," employ "reliable principles and methods," and "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Expert testimony that a causal relationship is probable or that damage "may have" resulted from a particular event is regularly admitted as relevant and helpful to the finder of fact. "Although the district court's gatekeeping function includes an analysis of the reliability of scientific evidence, neither Rule 702 nor Daubert requires that an expert opinion resolve an ultimate issue of fact to a scientific absolute in order to be admissible." *See Bonner,* 259 F.3d 924, at 929. "The focus, of course, must be solely on principles and methodology, not on the conclusions that they generate.' *Daubert,* 509 U.S. 579, at 594-95." None of those requirements demand absolute certainty as a precondition to admissibility.

ACIC's focus on Dr. Keske's statement that he "cannot conclude with engineering certainty" that the event caused the observed conditions takes that language out of context. [Doc. 32, pg. 5] Dr. Keske's candid acknowledgment of the limits of engineering certainty, given that he reviewed documentary and photographic evidence rather than conducting a live inspection, is the mark of intellectual honesty, not a confession of speculation. An expert who refuses to overstate his conclusions is more reliable, not less. ACIC's argument essentially penalizes Dr. Keske for scientific rigor. A court must be mindful that "Daubert does not require proof with certainty. Rather, it requires that expert testimony be reliable and relevant." *See Cave v. Jester,* 4:18-cv-00342-KGB at ¶2 (E.D. Ark. Sep 30, 2025) citing Sorensen By & Through Dunbar v. Shaklee Corp., 31 F.3d 638, 650 (8th Cir. 1994).

ACIC's footnote criticism that Dr. Keske relied on photographs and documents rather than a live site inspection is unavailing. [Doc. 32, pg. 5] Federal Rule of Evidence 703 expressly authorizes an expert to base opinions on facts or data that have been made known to him, provided experts in

4

the relevant field would reasonably rely on such materials, which engineering experts routinely do exactly that when evaluating photographic and documentary evidence of property damage. The absence of a physical inspection is a matter of weight, not admissibility. As the Eighth Circuit has held, "the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." *Amador v. 3M Co. (In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.),* 9 F.4th 768, 778 (8th Cir. 2021). That principle is especially notable here because in *Bair Hugger*, the Eighth Circuit reversed the district court's exclusion of the plaintiffs' experts and reaffirmed the circuit's liberal admissibility standard. ACIC cannot invoke that decision as a barrier to admission when its own holding cuts the other way.

Dr. Keske's testimony will materially assist the jury in evaluating the central factual dispute in this case, whether ACIC's denial of the tile and masonry components of Plaintiff's claim was justified. The jury, which is comprised of laypersons, is not equipped to independently evaluate competing engineering analyses of water infiltration, freeze-thaw cycles, and their effects on historic tile flooring and masonry mortar. Dr. Keske's engineering expertise directly addresses those questions.

ACIC retained its own engineer, Mr. Ragan, who reached contrary conclusions about causation and attributed observed conditions to age-related deterioration rather than the water event. The presence of dueling engineering experts on a factual causation question is precisely the situation Rule 702 contemplates, a case where the jury hears from both, evaluates credibility and methodology, and then decides. ACIC's reliance on the standard that expert testimony must "assist the jury's understanding of the evidence" supports admission here. Under that standard, a jury of laypersons cannot independently evaluate the competing engineering analyses of water infiltration and freeze-thaw damage without expert assistance. Dr. Keske's testimony provides exactly that assistance.

Excluding Dr. Keske would not protect the jury from unreliable science; it would deny the jury the benefit of expert engineering analysis supporting Plaintiff's position while leaving ACIC's engineering conclusions unrebutted.

### B. Dr. Keske's "Logical Fallacies" Analysis Is Proper Expert Testimony

ACIC separately attacks the portion of Dr. Keske's report in which he identifies what he characterizes as "logical fallacies" in ACIC's denial rationale, arguing it amounts to nothing more than common-sense argumentation that any layperson could perform. [Doc. 32, pgs. 6–7] That characterization is wrong.

Dr. Keske's critique of ACIC's denial rationale is grounded in his engineering expertise. Identifying whether an engineer's inspection methodology is logically sound is not something a layperson can assess without training in materials science and structural engineering. For example, the average lay person could not determine whether the absence of visible water damage on a single inspection date is a reliable basis to exclude coverage, given the nature of water infiltration into masonry and tile systems. Rule 702 expressly permits experts to opine on facts "in issue," and whether ACIC's denial was supported by sound engineering reasoning is squarely at issue in a bad faith and coverage dispute of this nature.

Moreover, an expert is permitted to critique the reasoning and methodology of an opposing expert or party's technical analysis. That is a well-recognized function of rebuttal expert testimony, and it is one of the core purposes for which Dr. Keske was designated. The Defendant has not provided any Eighth Circuit cases that has held that a critique of an opposing expert's analytical framework requires the critic to independently derive the same answer through separate testing. ACIC's sole authority for the "common sense" argument is *United States v. Ebron*, 683 F.3d 105, 138 (5th Cir. 2012), which is a Fifth Circuit decision that is not binding in this circuit. ACIC has not cited any Eighth Circuit authority imposing a categorical bar on expert critique of opposing expert

methodology. ACIC's objection goes to weight, not admissibility, and is more appropriately addressed through cross-examination at trial.

## CONCLUSION

Dr. Keske is a qualified engineer whose opinions are grounded in reliable methodology, are based on sufficient data, and will assist the trier of fact in evaluating the central factual disputes in this case. "The only question relevant to the admissibility of the scientific evidence is whether it is sufficiently reliable and relevant to assist the jury's determination of a disputed issue. *Daubert,* 509 U.S. at 594-95." Bonner v. ISP Technologies Inc., 259 F.3d 924, 929 (8th Cir. 2001. )ACIC does not challenge his qualifications or his methods. Its sole objection is that Dr. Keske expressed his causation opinions in probabilistic rather than absolute terms, and does not support exclusion under Rule 702 or *Daubert.* ACIC's disagreement with Dr. Keske's conclusions is a question of weight for the jury, not a basis for exclusion.

**WHEREFORE,** for all of the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to Exclude Testimony of Sam Keske in its entirety.

Respectfully Submitted,

/s/Amber Peckio Garrett
Amber Peckio Garrett, OBA No. 19908
AMBER LAW GROUP
2727 East 21st Street, Suite 505
Tulsa, Oklahoma 74114
Phone: 918-895-7216
Fax: 918-895-7217
Email: amber@amberlawgroup.com
*Attorney for the Plaintiff*

**CERTIFICATE OF SERVICE**

      I certify that on the 13th day of March, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to:

Jeremy K. Ward
Jeremy K. Ward, Ar. Bar No.2012014
Franden, Farris, Quillin,
Goodnight, Roberts + Ward
Two West Second Street, Suite 900
Tulsa, OK 74103
Phone: 918-583-7129
Fax: 918-584-3814
jward@tulsalawyer.com
*Attorney for Defendant*
*Atlantic Casualty Insurance Company*

                                                 /s/ Amber Peckio Garrett
                                                    Amber Peckio